**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No.: 0:22-cv-22615-JEM/Becerra

LIFE INSURANCE COMPANY OF THE
SOUTHWEST,

       Plaintiff,

v.

ROBERTO SANCHEZ LOPEZ,

       Defendant.
_____/

**REPORT AND RECOMMENDATION[1]**

**THIS CAUSE** came before the Court on Plaintiff Life Insurance Company of the Southwest's ("Plaintiff") Motion for Final Default Judgment as to Defendant Roberto Sanchez Lopez ("Defendant") (the "Motion"). ECF No. [13]. Defendant did not file a response to the Motion, and the time to do so has passed. Upon due consideration of Plaintiff's Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby **RECOMMENDED** that the Motion be **GRANTED**.

**I.    BACKGROUND**

On August 17, 2022, Plaintiff filed its Complaint against Defendant, ECF No. [1]. Plaintiff alleges that Defendant completed an application on or around August 13, 2020, to obtain a life insurance policy through Plaintiff for $250,001.00 in coverage (the "Policy"). *Id.* ¶ 5. Therein, Plaintiff alleges that Defendant made misrepresentations regarding his medical and health history. *Id.* ¶¶ 5, 10. Specifically, Defendant represented that he (1) had not been "diagnosed or treated by

---

[1] This matter was referred to the undersigned by the Honorable Jose E. Martinez, United States District Judge. ECF No. [14].

a licensed member of the medical profession or taken medication for . . . Any spine, hip, knee, shoulder, back, bones, muscles, arthritis, rheumatism, joints, skin, thyroid, gout or other gland disorder," within the past 10 years; and (2) had not "[b]een admitted to a hospital, or plan[ned] to enter a hospital within the next 30 days, or been advised by a licensed member of the medical profession to enter a hospital for observation, operation or treatment of any kind." *Id.* ¶ 6. Plaintiff alleges that it issued the Policy to Defendant relying on those representations. *Id.* ¶ 8. Following the issuance of the Policy, Plaintiff alleges that it received medical records for Defendant from various providers, revealing Defendant's previously undisclosed medical and health history, including records from a consultation at Diamond Health Medical Care Center, Inc. on April 8, 2020, which revealed Defendant's complaints of lumbar spine pain, loss of strength in upper and lower extremities, numbness of the right leg, and medications for the same, as well as a doctor's recommendation that Defendant go to the Emergency Room. *Id.* ¶¶ 10, 11. Plaintiff alleges that the inclusion of these material facts would have resulted in non-issuance of the Policy under the same terms, or possibly at all. *Id.* ¶ 12, 18–19.

The Complaint asserts one count for Rescission, seeking rescission of the Policy, a declaration that the Policy is void *ab initio*, and a declaration that Plaintiff has no further obligations under the Policy. *Id.* at 5. Plaintiff also seeks attorneys' fees and costs. *Id.* Defendant was served with the Complaint on September 6, 2022. *See* ECF Nos. [6] (return of service); [13] at 5. On September 27, 2022, Defendant filed a Motion for Extension of Time, *pro se*, stating that he was "having difficulty . . . finding [a] law[y]er to take [his] case." *Id.* The District Court granted the extension of time, ordering Defendant to respond to the Complaint on or before October 19, 2022. ECF No. [8].

When Defendant failed to respond to the Complaint by the new deadline, Plaintiff filed a Motion for Entry of Clerk's Default, ECF No. [9], and a Clerk's Default was entered. ECF No. [10]. The District Court then entered an Order on Default Final Judgment, ECF No. [11], which was served on Defendant on October 21, 2022. ECF Nos. [12] (certificate of service); [13] at 6.

Thereafter, Plaintiff filed the instant Motion, requesting the entry of default judgment against Defendant. ECF No. [13]. Plaintiff requests "that the Court grant this Motion in its entirety and enter a final default judgment against Mr. Lopez: (a) rescinding all coverage under Policy No. 729195500, (b) declaring Policy No. 729195500 void *ab initio*, and (c) declaring that LSW has no further obligations under Policy No. 729195500." *Id.* at 13. Plaintiff did not renew its request for attorneys' fees in the Motion. *Id.* In support of its Motion, Plaintiff submitted the Declaration of Jessica M. Sohmer, Plaintiff's senior underwriting consultant. ECF No. [13-1].

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 55 sets forth the procedure for obtaining a default judgment. Subsection (a) provides that the Clerk of Court must enter default when the defendant fails "to plead or otherwise defend." FED. R. CIV. P. 55(a). Upon the entry of a clerk's default, the Court must enter a judgment "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, . . . on the plaintiff's request, with an affidavit showing the amount due . . . ." *Id.* at 55(b)(1). While "[a]ll well-pleaded allegations of fact in the complaint are deemed admitted upon entry of default, [] before entering a default judgment the Court must ensure . . . that the complaint adequately states a claim for which relief may be granted." *United State v. Eye*, No. 10-cv-60739, 2010 WL 11610271, at *2 (S.D. Fla. Aug. 31, 2010) (citing *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009)). That is, in determining whether default judgment may be entered, courts must review the allegations in the

complaint to determine whether there is a "sufficient basis in the pleadings for the particular relief sought." *United States v. Genesis II Church of Health & Healing*, 476 F. Supp. 3d 1283, 1289 (S.D. Fla. 2020) (citing *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007)); *see also Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (noting that the "sufficient basis" standard is akin to the motion to dismiss standard). Once liability has been established, "[d]amages may be awarded only if the record adequately reflects the basis for award via a hearing or a demonstration by detailed affidavits establishing the necessary facts." *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (quotations omitted). Rule 55 does not require an evidentiary hearing on damages where the amount claimed is either liquidated or capable of arithmetic calculation. *Safari Programs, Inc. v. CollectA Int'l Ltd.*, 686 F. App'x 737, 746–47 (11th Cir. 2017) ("[E]videntiary hearings are required in all but limited circumstances, such as when hearing any additional evidence would be truly unnecessary to a fully informed determination of damages") (quotations omitted); *Tara Productions, Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 911–12 (11th Cir. 2011) (noting that under Rule 55, district courts are not required to conduct evidentiary hearings).

### III. ANALYSIS

Florida law applies to Plaintiff's rescission claim, as the Policy herein was issued and delivered in Florida. ECF Nos. [1] ¶ 8; [13] at 9 n.4. Florida's Insurance Code provides, in relevant part:

> (1) Any statement or description made by or on behalf of an insured or annuitant in an application for an insurance policy or annuity contract, or in negotiations for a policy or contract, is a representation and not a warranty. Except as provided in subsection (3), a misrepresentation, omission, concealment of fact, or incorrect statement may prevent recovery under the contract or policy only if any of the following apply:

> (a) The misrepresentation, omission, concealment, or statement is fraudulent or is material to the acceptance of the risk or to the hazard assumed by the insurer.
>
> (b) If the true facts had been known to the insurer pursuant to a policy requirement or other requirement, the insurer in good faith would not have issued the policy or contract, would not have issued it at the same premium rate, would not have issued a policy or contract in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss.

FLA. STAT. § 627.409(1). Specifically, "Florida law . . . gives an insurer the unilateral right to rescind its insurance policy on the basis of misrepresentation in the application of insurance." *Am. Gen. Life Ins. Co. v. Useche*, No. 21-cv-21517, 2021 WL 2184874, at *3 (S.D. Fla. May 28, 2021) (quoting *Moustafa v. Omega Ins. Co.*, 201 So. 3d 710, 714 (Fla. 4th DCA 2016)); *see also Nationwide Mut. Ins. Co. v. 2KLife Publishing, LLC*, No. 20-cv-60237, 2020 WL 13389743, at *1 (S.D. Fla. Aug. 17, 2020) ("Plaintiff contends that because Defendant materially misrepresented the facts, the truth of which would have altered Plaintiff's decision to issue the Policy, Plaintiff is entitled to rescission. [] This Court agrees.") (citing *Midland Nat'l Life Ins. Co. v. Burgess*, No. 18-cv-662-T-33CPT, 2018 WL 2215434, at *2 (M.D. Fla. May 15, 2018) (granting motion for default judgment and rescission where plaintiff could show material misrepresentations were made in the application for a life insurance policy)); *USAA Life Ins. Co. v. Magana*, No. 17-cv-15-JSM-PRL, 2017 WL 1289846, at *2 (M.D. Fla. Apr. 4, 2017) (granting motion for default judgment and rescission of a life insurance policy where the well-pleaded allegations in the complaint establish that material misrepresentations were made in seeking an insurance policy)).

After careful review of Plaintiff's Complaint and the Declaration of Jessica M. Sohmer, Plaintiff's Senior Underwriting Consultant, submitted in support of Plaintiff's Motion, ECF No. [13-1], the Court finds that Plaintiff has stated a claim for rescission of the Policy. In addition, because the Clerk entered a default against Defendant, the allegations in Plaintiff's Complaint, ECF No. [1], are deemed admitted, including, but not limited to, the following. Plaintiff is a life

insurance provider authorized to transact business in Florida.  ECF No. [1] ¶¶ 1, 5.  Defendant is an individual and citizen of Florida.  *Id.* ¶ 2.  On or around August 13, 2020, Defendant applied for a life insurance policy through Plaintiff.  *Id.* ¶ 5.  Plaintiff relied on Defendant's representations in his application and issued the Policy on August 20, 2020.  *Id.* ¶ 8.  Plaintiff, through a review of Defendant's medical records, later learned that Defendant made material misrepresentations in his application.  *Id.* ¶ 10–12.  Had Plaintiff known of these material misrepresentations, Plaintiff would not have issued the Policy under the same terms, if at all.  *Id.* ¶ 19.  Plaintiff gave written notice to Defendant on August 10, 2021, advising that Plaintiff was rescinding the Policy, and included a check for a full refund of all Policy premiums paid.  *Id.* ¶ 13.  At the time of Plaintiff's filing, Defendant had not cashed the check.  *Id.* ¶ 14.

Because "Florida law . . . gives an insurer the unilateral right to rescind its insurance policy on the basis of misrepresentation in the application of insurance," Plaintiff has met its burden to state a claim for rescission.  *Useche*, 2021 WL 2184874, at *3.  The Policy should be declared void *ab initio*.  *Id.* ("The Policy is void *ab initio* because Defendant knowingly made material misrepresentations to American General about her medical history and health.") (citing *Moustafa*, 201 So. 3d at 714).

## IV.   CONCLUSION

Based on the foregoing, it is hereby **RECOMMENDED** that Plaintiff's Motion for Final Default Judgment as to Defendant Roberto Sanchez Lopez, ECF No. [13], be **GRANTED** and the Policy should be declared void *ab initio*.

## V.   OBJECTIONS

A party shall serve and file written objections, if any, to this Report and Recommendation with the District Court within **FIVE (5) DAYS** of being served with a copy of this Report and

Recommendation. The undersigned has shortened the objection period because Defendant Roberto Sanchez Lopez has failed to respond to this lawsuit. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, on April 6, 2023.

_____
**JACQUELINE BECERRA**
**United States Magistrate Judge**